**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | |
| **Plaintiff,** | |
| **v.** | **Case No. 26-CR-082-JFH** |
| **BRYANT STERLING FLORIE, JR.,** | |
| **Defendant.** | |

## OPINION AND ORDER

Before the Court is Defendant Bryant Sterling Florie, Jr.'s Motion to Dismiss Count One of the Indictment ("First Motion to Dismiss") [Dkt. No. 29] and his Motion to Dismiss Multiplicitous Counts ("Second Motion to Dismiss") [Dkt. No. 41]. The United States of America ("Government") opposes these Motions. Dkt. Nos. 33, 46. For the reasons set forth below, both Motions are DENIED.

## BACKGROUND

On July 16, 2026, a federal grand jury in the Eastern District of Oklahoma indicted Florie with three counts:

(1) *Count One* charges Florie with kidnapping in Indian Country, in violation of 18 U.S.C. §§ 1201(a), 1151, and 1152. Dkt. No. 2. Count One alleges that from November 13 to November 15, 2025, "within the Eastern District of Oklahoma, in Indian country, and elsewhere, the defendant . . . did unlawfully seize, confine, inveigle, decoy, kidnap, abduct, carry away and hold for some benefit, C.M., an Indian . . . ." *Id.* at 1.

(2) *Count Two* charges Florie with kidnapping in Indian Country, in violation of 18 U.S.C. §§ 1201(a), 1151, and 1153. *Id.* at 1-2. Count Two that from November 13 to November 15, 2025, "within the Eastern District of Oklahoma, in Indian country, and elsewhere, the defendant . . . an Indian, did unlawfully seize, confine, inveigle, decoy, kidnap, abduct, carry away and hold for some benefit, C.M.. . . ." *Id.* at 1-2.

(3) *Count Three* charges Florie with being a felon in possession of a firearm and ammunition, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(8). *Id.* at 2. Count Three is not at issue for the current Motions.

The Government charged Florie under §§ 1152 and 1153 because he allegedly denied being a tribal member to investigators in this case, but he wrote a letter to a state court judge in another case that he should be charged in tribal court as an Indian. Dkt. No. 46 at 1. Additionally, his father and brothers are enrolled members of the Muscogee (Creek) Nation, but the Government believes Florie was not at the time of the offense. *Id.*

Ultimately, in his First Motion to Dismiss, Florie moves to dismiss Count One because it allegedly fails to include all of the essential elements of the offense. Dkt. No. 29. In his Second Motion to Dismiss, Florie asks the Court to dismiss Count One or Two or make the Government choose only of them for trial. Dkt. No. 42.

## ANALYSIS

### A. Florie's First Motion to Dismiss [Dkt. No. 29] is denied.

Florie moves to dismiss Count One "because it has failed to allege all facts necessary to invoke this Court's jurisdiction pursuant to the General Crimes Act, 18 U.S.C. § 1152." Dkt. No. 29 at 1. Section 1152 only applies if Florie is a non-Indian and the victim in an Indian, or vice-versa. *See United States v. Walker*, 85 F.4th 973, 979 (10th Cir. 2023). And because Count One alleges that C.M. ("Victim") is an Indian, but is silent on Florie's Indian status, he argues that Count One "fails to make the allegations required by § 1152." Dkt. No. 29 at 2.

However, the Court agrees with the Government that the Tenth Circuit's recent decision in in *United States v. Hebert* forecloses Florie's argument. Dkt. No. 33 at 1 (citing *Hebert*, No. 24-2128, 2026 WL 3071611 (10th Cir. Oct. 14, 2026) (*en banc*). In *Hebert*, the Tenth Circuit found that for crimes charged under § 1152 with an Indian victim, a defendant's Indian status is an affirmative defense and not an essential element that the indictment must allege. *Hebert*, 2026 WL

3071611, at *1, 12-13, 16. Accordingly, the Government need not allege Florie's non-Indian status in Count One of the Indictment. Florie's First Motion to Dismiss [Dkt. No. 29] is DENIED.

**B. Florie's Second Motion to Dismiss [Dkt. No. 42] is denied.**

Next, Florie asks the Court to (1) dismiss Count One or Two or (2) make the Government elect which Count to pursue at trial. Dkt. No. 42. As a reminder:

- Section 1152 applies to crimes where the defendant is a non-Indian and the victim is an Indian, or vice-versa. Here, Count One of the Indictment alleges the victim was an Indian, so the Government presumably alleges that Florie is a non-Indian in Count One.

- Crimes charged under § 1153 "applies to enumerated crimes committed by *Indians* in 'Indian country.' " *Murphy v. Royal*, 875 F.3d 896, 915 (10th Cir. 2017), *aff'd sub nom. Sharp v. Murphy*, 591 U.S. 977 (2020) (emphasis added). Here, the Government alleges Florie is an Indian in Count Two. Dkt. No. 2.

So, the Indictment here presents parallel theories—one where it alleges Florie is a non-Indian, and one where it alleges he is an Indian.

Florie argues this parallel framework prejudices him. If he produces evidence that he is an Indian to dismiss Count One, then he argues he must concede the Indian status requirement for Count Two. But, if he challenges his Indian status in Count Two, then he must concede his non-Indian status for Count One. He therefore contends this parallel framework is multiplicitous, violates his Fifth Amendment rights concerning Double Jeopardy and Self-Incrimination, and violates his "right to present a defense" under the Sixth Amendment.

The Tenth Circuit addressed a nearly identical situation in *United States v. King*, 172 F.4th 1188 (10th Cir. 2026). There, a federal grand jury charged the defendant with aggravated sexual abuse under §§ 1152 and 1153 and abusive sexual contact under §§ 1152 and 1153. *King*, 172 F.4th at 1192. The defendant moved to dismiss the indictment for multiplicity or to require the Government to elect between prosecuting him as an Indian or a non-Indian. *Id.* at 1200. The district court denied the motion, reasoning that the charges were permissible so long as they did

not result in multiplicitous convictions, which could be avoided using an appropriate jury instruction. *Id.* The Tenth Circuit affirmed, explaining that:

> The district court provided adequate safeguards to prevent multiplicitous convictions. First, the court instructed the jury that it could not convict Mr. King as both an Indian and a non-Indian. Second, it provided the jury with a special verdict form directing them to (a) acquit Mr. King entirely, (b) convict him as an Indian, or (c) convict him as a non-Indian. Under our precedent, that is all the court was obligated to do.

*Id.* at 1201. The Tenth Circuit also rejected the defendant's argument that this parallel approach prejudiced his defense. *Id.* In doing so, the court emphasized that he "provide[d] no legal authority supporting the possibility of prejudice . . . when the district court has properly instructed the jury to preclude multiplicitous convictions." *Id.* Thus, *King* found nothing unconstitutionally prejudicial about charging a defendant under §§ 1152 and 1153. And, to the extent charges under §§ 1152 and 1153 are multiplicitous, a district court can remedy that issue with an appropriate jury instruction and special verdict form.

Nevertheless, Florie points out that *King* did not address self-incrimination, and he argues that "his Fifth Amendment right against self-incrimination will be compromised should both Counts One and Two proceed to trial." Dkt. No. 42 at 3. So, he urges the Court to depart from the district court in *King*. However, "the Fifth Amendment guarantees the right of the accused not to be compelled to testify[;] it does not guarantee that the accused will not be placed in a situation where he feels he must testify or risk conviction. Requiring the accused to choose between complete silence and presenting a defense does not violate the accused's constitutional rights." *United States v. Simpson*, 7 F.3d 186, 190–91 (10th Cir. 1993). "Similarly, a defendant's rights are not violated simply because he feels that he must choose between silence or testifying to strengthen his defense." *Id.* Furthermore, testifying is not the only way Florie can establish his Indian or non-Indian status—he may "offer a Certificate Degree of Indian Blood," *United States v. Hatley*,

153 F.4th 1112, 1123 (10th Cir. 2025), "adduce a tribal document," *United States v. Wood*, 109 F.4th 1253, 1257 (10th Cir. 2024), or introduce another witness who can testify about his status if the witness has personal knowledge of the matter, *United States v. Walker*, 85 F.4th 973, 980–81 (10th Cir. 2023). Simply put, Florie fails to articulate why this parallel framework *compels* him to testify. So, these parallel counts do not violate his Fifth Amendment right against compelled self-incrimination.

Accordingly, the Court will follow the path set out in *King*. In doing so, the Court recognizes that "multiplicity is not fatal to an indictment," but that "multiplicitous convictions are considered 'improper because they allow multiple punishments for a single criminal offense.' " *King*, 172 F.4th at 1200 (quoting *United States v. McCullough*, 457 F.3d 1150, 1162 (10th Cir. 2006)). To remedy the danger of multiplicitous convictions, the Court may employ "the use of appropriate jury instructions" instead of issuing a pretrial order dismissing a count or requiring the Government to choose which count to pursue. *Id.* at 1201. Instead of issuing a pretrial order, the Court shall provide a jury instruction and special verdict form consistent with *King*. Consequently, the Court denies Florie's Motion to Dismiss Multiplicitous Counts [Dkt. No. 41].

**CONCLUSION**

IT IS THEREFORE ORDERED that Defendant's Motion to Dismiss Count One of the Indictment [Dkt. No. 29] and his Motion to Dismiss Multiplicitous Counts [Dkt. No. 41] are both DENIED.

Dated this 9th day of November, 2026.

JOHN F. HEIL, III
CHIEF UNITED STATES DISTRICT JUDGE